## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

○

### CIVIL MINUTES - GENERAL                    JS-6

| Case No. | CV 12-7932-CAS(MRWx) | Date | October 22, 2012 |
|----------|----------------------|------|------------------|
| Title | IRENE VELASQUEZ V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|-----------------------------------|----------------------------------|
| Steven Cischke | Donald Yoo, AUSA |

**Proceedings:**   DEFENDANT NORTHEAST VALLEY HEALTH CORPORATION'S MOTION TO DISMISS CASE (Docket #4, filed September 19, 2012)

## I.   INTRODUCTION

On November 18, 2011, this case was filed in Los Angeles County Superior Court against the County of Los Angeles and North Hollywood Homeless Corporation.[1] Defendant Northeast Valley Health Clinic removed the case to this Court on September 13, 2012.  Plaintiff's complaint asserts a single claim for medical malpractice.

On September 13, 2012, defendant United States of America substituted in place of defendant Northeast Valley Health Clinic.  Dkt. # 2, 10.  On September 19, 2012, defendant United States moved pursuant to Fed. R. Civ. Pro. 12(b)(1) to dismiss the claims against it for lack of subject matter jurisdiction.  Plaintiff filed a reply on October 1, 2012, and the United States replied on October 9, 2012.  The United States' motion is presently before the Court.

## II.   BACKGROUND

Plaintiff's medical malpractice claim appears to arise out of treatment she received for her ankle at two hospitals: Olive View Medical Center ("OVMC") and North

---

[1] Defendant Northeast Valley Health Corporation was erroneously sued as "North Hollywood Homeless Clinic" in the complaint filed in Los Angeles County Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      **JS-6**

| Case No. | CV 12-7932-CAS(MRWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | IRENE VELASQUEZ V. COUNTY OF LOS ANGELES, ET AL. | | |

Hollywood Homeless Clinic ("NHHC").[2]  See Dkt. # 1 at 136 – 139 (County of Los Angeles' Motion for Summary Judgment, Case No. EC057228, at 1 – 4).  In September 2008, plaintiff received treatment at OVMC for ankle fractures she received in a jet-ski accident.  Id. at 136 – 137.  Plaintiff was unhappy with the medical care she received at OVMC.  Id. at 137.  Plaintiff does not appear to have been to OVMC during 2009 or the first half of 2010.  Id.

On or about July 6, 2010, defendant presented to North Hollywood Homeless Clinic with complaints about ankle pain, and received x-rays on July 13, 2010.  Id.  She appears to have been referred to OVMC by North Hollywood Homeless Clinic.  Id.  After presenting to OVMC in September 2010, plaintiff received ankle surgery again at OVMC in December 2010.  Id. at 137 – 138.  Subsequent to the ankle surgery, between January 2011 and February 2011, plaintiff experienced additional medical problems with her ankle, including methicillin-resistant staphylococcus aureus (MRSA) and post-traumatic osteoarthritis.  Id. at 138.

It appears that plaintiff's claim for medical malpractice against the United States arises out of the treatment she received at North Hollywood Homeless Clinic, and her claims against the County of Los Angeles arise out of the treatment she received at OVMC.  See Id. at 136.  Although it appears that plaintiff's claim against the United States arises out of treatment she received in July 2010 at the North Hollywood Homeless Clinic, the details and theory underlying plaintiff's medical malpractice claim is unclear from plaintiff's complaint and the other materials before the Court.

## III.   LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action.  The objection presented by this motion is that the court has no authority to hear and decide the case.  This defect may exist despite the formal sufficiency of the allegations in the complaint.  See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a

---

[2] The North Hollywood Homeless Clinic appears to be "an approved delivery site" of the Northeast Valley Health Corporation.  See United States' Notice of Substitution, dkt. # 2, at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    JS-6

| Case No. | CV 12-7932-CAS(MRWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | IRENE VELASQUEZ V. COUNTY OF LOS ANGELES, ET AL. | | |

motion is filed to dismiss the complaint for lack of subject matter jurisdiction).  When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction.  See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).  If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous.  See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).  On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000.  See id.

## IV.   DISCUSSION

The United States argues that the Court lacks subject matter jurisdiction over the claims against it because plaintiff asserts claims against the Northeast Valley Health Clinic while it was acting within the scope of employment with the United States, Birrote Decl. ¶ 2, but failed to exhaust administrative remedies as required by the Federal Tort Claims Act, 28 U.S.C. §§ 1436(b), 2671 – 2680 ("FTCA").  The United States argues that the administrative exhaustion requirement is jurisdictional in nature and not subject to estoppel or waiver.  The United States concludes that the claims against the United States should be dismissed without prejudice and the matter remanded to Los Angeles Superior Court.

In reply, plaintiff does not contest whether Northeast Valley Health Corporation was acting within the scope of its employment with the United States or whether she must exhaust administrative remedies prior to continuing this lawsuit against the United States. Instead, noting that she did not name the United States as a party to her lawsuit, plaintiff asks the Court to toll the action to give plaintiff an opportunity to file an administrative claim against the United States.  In the alternative, plaintiff requests the Court to dismiss

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    JS-6

| Case No. | CV 12-7932-CAS(MRWx) | Date | October 22, 2012 |
|---|---|---|---|
| Title | IRENE VELASQUEZ V. COUNTY OF LOS ANGELES, ET AL. | | |

only the United States from this action and remand the case to Los Angeles Superior Court.

The United States is correct that the Court may not exercise subject matter jurisdiction over plaintiff's medical malpractice claim against it until plaintiff has exhausted administrative remedies. <u>See</u>, e.g., <u>Jerves v. United States</u>, 966 F.2d 517, 521 (9th Cir. 1992) ("A tort claimant may not commence proceedings in court against the United States without first filing her claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made. . . .[w]e have repeatedly held that this 'claim requirement of section 2675 is jurisdictional in nature and may not be waived.'"). Therefore, the Court cannot toll the action while plaintiff pursues an administrative remedy. Accordingly, the Court dismisses the claims against the United States without prejudice and remands this case to Los Angeles Superior Court.[3]

## V.    CONCLUSION

Plaintiff's claims against the United States are hereby DISMISSED. Since the Court lacks subject matter jurisdiction over this action, it is hereby REMANDED to Los Angeles County Superior Court.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[3] At oral argument, counsel for plaintiff urged the Court to consider <u>Arbaugh v. Y&H Corp.</u>, 546 U.S. 500 (2006) and find that the FTCA's exhaustion requirement is not jurisdictional. In <u>Arbaugh</u>, the Supreme Court held that Title VII's statutory limitation to employers with fifteen or more employees was an element of a claim for relief, and was not jurisdictional in nature. <u>Id.</u> at 509, 516. In reaching this decision, the Court considered the "consequences of typing the 15-employee threshold a determinant of subject-matter jurisdiction," and found that it would be unfair and a waste of judicial resources to hold that this requirement was jurisdictional. <u>Id.</u> at 513 – 515. The Court concludes that <u>Arbaugh</u> does not warrant a departure from the established Ninth Circuit case law cited above under which FTCA's exhaustion requirement is jurisdictional.